AMY, J.,
dissenting.
1,1 agree that the employer did not comply with the notice requirements of La. R.S. 23:1201.1(A), as retroactively applied. However, I would deny the writ application as I find no error in the workers’ compensation judge’s determination that the employer was entitled to a preliminary determination.
Among other things, La.R.S. 23:1201.1 sets forth the procedure for the preliminary determination mechanism. Significantly, Subparagraph (I) indicates that an employer who has not complied with the requirements of Subsections (A) through (E) or who “has not initially accepted the claim as compensable, subject to further investigation and subsequent controversion shall not be entitled to a preliminary determination.” In my opinion, as Subsection (I) speaks in terms “entitlement” to a preliminary determination and by its use of “or,” the Subsection provides distinct circumstances that will disqualify an employer from use of that preliminary mechanism.
In this case, the employer did, in fact, accept the claim as compensable and only subsequently controverted that claim. While the majority opinion suggests that to interpret Subsection (I) in an either/or fashion renders Subsection A useless, I respectfully disagree. In my view, the interpretation urged by this writ application effectively requires that both conditions be present, turning “or” into “and.”
|2Notably, and although the claimant’s argument collapses the concept of the availability of the preliminary determination with the concept of the safe harbor from penalties and attorney fees, I conclude that Subsection L demonstrates otherwise.
Notwithstanding any provision in this Section to the contrary, the failure to comply with any provision of this Section shall not itself be considered a failure to reasonably controvert benefits; however, failure of the employer or pay- or to comply shall result in loss of penalty and attorney fee protections provided in this Section.”
La.R.S. 23:1201.l(L)(emphasis added). The statute, itself, does not indicate that the employer’s choice to use the expedited process of the preliminary determination otherwise relieves it from having to demonstrate the availability of any safe harbor provision.
For this reason, I respectfully dissent.